IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LAWRENCE W. NELSON,**

        Petitioner,

v. // CIVIL ACTION NO. 1:13CV213
                          CRIM. ACTION NO. 1:03CR49
                              (Judge Keeley)

**UNITED STATES OF AMERICA,**

        Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 12], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

Pending before the Court is the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Dkt. No. 1) filed by the pro se petitioner, Lawrence W. Nelson ("Nelson"). Also pending is the Report and Recommendation ("R&R") of the Honorable Robert W. Trumble, United States Magistrate Judge, recommending that the Court deny Nelson's § 2255 motion as untimely (Dkt. No. 12). In addition to whether Nelson's petition is timely under § 2255(f)(1), the case presents the question whether, pursuant to the holding in United States v. Collins, 415 F.3d 304 (4th Cir. 2005), Nelson's challenge to the findings of the jury regarding his drug weight and type would alter the outcome of his re-sentencing. For the reasons that follow, the Court **ADOPTS** the R&R, **OVERRULES** Nelson's objections, **DENIES** his § 2255 motion, and **DISMISSES** this case **WITH PREJUDICE**.

**NELSON V. UNITED STATES** 1:13CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 12], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

## I. PROCEDURE[1]

On July 13, 2004, following a six-day trial, a jury convicted Nelson of conspiracy to distribute and distribution of more than 50 grams of crack cocaine and powder cocaine (Case No. 1:03CR49, Dkt. No. 233). On April 24, 2006, the Court sentenced Nelson to 360 months of incarceration and five years of supervised release (Case No. 1:03CR49, Dkt. No. 267).

Nelson appealed (Case No. 1:03CR49, Dkt. No. 270), and the United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment. <u>United States v. Nelson</u>, 237 F. App'x 819, 820-21 (4th Cir. 2007). Nelson then filed a petition for writ of certiorari, following which the Supreme Court of the United States granted the petition, vacated the judgment, and remanded the case to the Fourth Circuit for further consideration in light of its decision in <u>Rita v. United States</u>, 551 U.S. 338 (2007). <u>Nelson v. United States</u>, 552 U.S. 1163 (2008).

On remand, the Fourth Circuit concluded that this Court had not improperly treated the guidelines as mandatory, and affirmed Nelson's sentence. <u>United States v. Nelson</u>, 276 F. App'x 331

---

[1] All docket numbers, unless otherwise noted, refer to Case No. 1:13CV213.

**NELSON V. UNITED STATES**                                            **1:13CV213**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 12], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

(2008). Nelson again filed a petition for writ of certiorari, following which the Supreme Court concluded that the Fourth Circuit had erred by presuming that a sentence within the guideline range was reasonable. Nelson v. United States, 555 U.S. 350 (2009). On remand, following further review, the Fourth Circuit affirmed Nelson's conviction, vacated his sentence, and remanded the case for re-sentencing. United States v. Nelson, 336 F. App'x 359 (2009) (Case No. 1:03CR49, Dkt. No. 361).

On November 19, 2010, based on his mental health history, this Court re-sentenced Nelson to a variant sentence of 144 months of imprisonment followed by five years of supervised release (Case No. 1:03CR49, Dkt. No. 480). On November 29, 2010, Nelson filed a notice of appeal, which he later voluntarily dismissed on September 14, 2011 (Case No. 1:03CR49, Dkt. Nos. 482, 516).

Following the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), Nelson filed the instant motion to vacate on September 20, 2013 (Dkt. No. 1), arguing it was timely under 28 U.S.C. § 2255(f)(3) because he filed within one year of the decision in Alleyne. Id. at 17-18. Substantively, he contended that the Court had improperly enhanced his sentence beyond the statutory mandatory minimum in violation of Alleyne, and

3

**NELSON V. UNITED STATES** 1:13CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 12], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

he also argued that, under the Fourth Circuit's decision in United States v. Collins, 415 F.3d 304 (4th Cir. 2005), the Court should vacate his sentence. Id. at 7.

On June 26, 2015, Magistrate Judge Trumble issued an R&R, in which he recommended that the Court deny Nelson's petition as untimely and dismiss the case with prejudice (Dkt. No. 12). Nelson filed his objections to the R&R on July 13, 2015 (Dkt. No. 15).[2]

## II. LEGAL STANDARD

Title 28 U.S.C. § 2255(a) permits federal prisoners in custody to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the

---

[2] When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review de novo only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). When no objections to the R&R are made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825, 828 (E.D. Cal. 1979). Because Nelson objected to the R&R, the Court will review the same de novo.

**NELSON V. UNITED STATES** 1:13CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 12], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A one-year limitation period applies to actions brought under § 2255. 28 U.S.C. § 2255(f). The limitation period begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

### III. DISCUSSION

#### A. Alleyne v. United States

Notwithstanding the decision in Alleyne, Nelson's motion clearly is untimely under § 2255(f)(1). After the Fourth Circuit vacated Nelson's sentence and remanded his case for re-sentencing, this Court appointed counsel, re-sentenced Nelson on November 19, 2010 (Case No. 1:03CR49, Dkt. No. 480), and entered a final

**NELSON V. UNITED STATES** 1:13CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 12], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

judgment on December 1, 2010 (Case No. 1:03CR49, Dkt. No. 485). Nelson filed a notice of appeal on November 29, 2010, but later voluntarily withdrew his appeal on September 14, 2011 (Case No. 1:03CR49, Dkt. Nos. 482, 516). He did not file this suit until September 20, 2013, one year and six days after the expiration of the one-year limitation period applicable under 28 U.S.C. § 2255, and more than two years after he had withdrawn his appeal (Dkt. No. 1).

Nelson does not deny the accuracy of this timeline; rather, he contends that his petition is timely under § 2255(f)(3) because it was filed within one year following the Supreme Court's decision in Alleyne (Dkt. No. 1).[3] But as Magistrate Judge Trumble properly concluded, 28 U.S.C. § 2255(f)(3) does not apply because Alleyne is not retroactively applicable to cases on collateral review (Dkt. No. 12 at 6). See Billup v. Deboo, No. 2:14CV7, 2014 WL 4102479 at *2, *6 (N.D.W. Va. Aug. 13, 2014) (holding that the Fourth Circuit has not made Alleyne retroactively applicable to cases on

---

[3] In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum penalty for a crime is an "element" that must be submitted to the jury and be found beyond a reasonable doubt. Alleyne, 133 S. Ct. at 2155, 2158.

6

NELSON V. UNITED STATES                               1:13CV213

MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 12], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE

collateral review). Because Nelson did not object to this conclusion, it is subject to clear error review. See Webb v. Califano, 468 F. Supp. 825, 828 (E.D. Cal. 1979).

A careful analysis of the facts in Nelson's case belies his reliance on Alleyne. On July 13, 2004, as part of its verdict, the jury specifically found that Nelson was a manager or supervisor (but not an organizer or leader) of the criminal activity (Case. No. 1:03CR49, Dkt. No. 234). It further found that he possessed a dangerous weapon during the criminal activity. Id. Relying on these "aggravating factors" under the guidelines, the Court imposed a sentence of 360 months of incarceration (Case. No. 1:03CR49, Dkt. No. 268).[4]

Nelson now argues that, under Alleyne, it was improper for the jury to consider any "aggravating factors" because the indictment only charged him with conspiracy to distribute and distribution of crack cocaine and powder cocaine (Dkt. No. 1 at 12). The holding

---

[4] Based on the jury's findings, in the instant case, the Court concluded that Nelson's base offense level was a level 36, which included a two-level increase for the possession of a weapon during and in relation to his drug trafficking activity, and a three-level increase for his role as a manager or supervisor of criminal activity. Nelson's total offense level, therefore, was a 41. With a criminal history category of VI, his advisory guideline range was 360 months to life (Case No. 1:03CR49, Dkt. No. 266).

7

**NELSON V. UNITED STATES**                                1:13CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 12], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

in Alleyne, however, applies only to those elements of a crime that must be found by a jury in order to apply the statutory minimum mandatory sentence. Alleyne, 133 S. Ct. at 2163. The Supreme Court made it clear that the holding in Alleyne does not apply to guideline enhancements, such as those Nelson received for role in the offense and for possession of a dangerous weapon in connection with his drug crime. Id. ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment"). See also United States v. Steffen, 741 F.3d 411 (4th Cir. 2013)(affirming a district court's imposition of a three-level sentencing enhancement based on the defendant's aggravated role in the charged offense).

**B. United States v. Collins**

Nelson's second argument under United States v. Collins (Dkt. No. 15) also is misplaced. In Collins, the Fourth Circuit held that, when considering a drug conspiracy, in addition to determining whether the government has proved the elements of a conspiracy, jurors must determine the narcotics specifically attributable to each defendant in the conspiracy. Collins, 415

8

NELSON V. UNITED STATES
1:13CV213

**NELSON V. UNITED STATES**                                    **1:13CV213**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 12], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

F.3d at 312, 314 (citing <u>United States v. Irvin</u>, 2 F.3d 72, 76 (4th Cir. 1993)).

During Nelson's re-sentencing hearing, relying on <u>Collins</u>, he challenged his guideline range, drug weight and type, arguing that the jury had not made an individualized determination of his drug weight (Case No. 1:03CR49, Dkt. No. 486). Finding that it exceeded the scope of the Fourth Circuit's mandate, the Court rejected the argument. <u>Id.</u> Nevertheless, as an alternative analysis, it concluded that, even considering <u>Collins</u>, Nelson's argument was groundless. <u>Id.</u> Nelson never appealed this ruling.

Now, in his objections to the R&R, Nelson again raises the applicability of <u>Collins</u> (Dkt. No. 1). Based on what actually occurred during Nelson's trial and at his resentencing, however, the Court once again concludes that <u>Collins</u> does not impact the outcome of his case.

When convicting Nelson of conspiracy to distribute and distribution of more than 50 grams of crack cocaine and powder cocaine (Case No. 1:03CR49, Dkt. No. 233), as part of its verdict, the jury specifically determined the amount and type of controlled substances attributable to Nelson (Case No. 1:03CR49, Dkt. No. 186). According to the verdict form, the conspiracy involved 50 or

9

**NELSON V. UNITED STATES**                                         1:13CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 12], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

more grams of cocaine base; more specifically, the weight of the crack and powder cocaine attributable to Nelson totaled 546 grams (Case No. 1:03CR49, Dkt. Nos. 233, 234). When it resentenced him, the Court noted the jury's determination that at least 500 grams of the drug weight attributable to Nelson was crack cocaine. Id.

Thus, because the jury specifically determined the amount of narcotics attributable to Nelson for purposes of applying the mandatory minimum, and also made specific findings about Nelson's relevant drug weight and type, neither <u>Alleyne</u> nor <u>Collins</u> alters the outcome of his case. The Court, therefore, **OVERRULES** Nelson's objections.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Nelson has not made a

**NELSON V. UNITED STATES**                                                1:13CV213

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 12], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

"substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Nelson has failed to make the requisite showing, and **DENIES** a certificate of appealability.

## CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 12), **OVERRULES** Nelson's objections (Dkt. No. 15), **DENIES AS MOOT** Nelson's motion to appoint counsel (Dkt. No. 14), **DENIES** Nelson's § 2255 motion (Dkt. No. 1), and **DISMISSES** this case **WITH PREJUDICE**.

It is so **ORDERED**.

**NELSON V. UNITED STATES**                                              **1:13CV213**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 12], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested, to enter a separate judgment order, and to remove this case from the active docket.

DATED: March 4, 2016.

                                            /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE